**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KARA MADDOX, individually and on behalf of a class of persons similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. _____ |
| BMO HARRIS BANK, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff, Kara Maddox, individually and on behalf of a class of persons similarly situated, through her attorney, Jeffrey Grant Brown, complains against Defendant BMO Harris Bank ("Defendant" or "Harris") as follows:

THE PARTIES AND JURISDICTION

1.     Plaintiff, Kara Maddox, on behalf of herself and all others similarly situated, brings this action to recover from Defendant Harris for unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* (the "IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* (the "IWPCA").  Plaintiff demands a jury on all claims so triable.

2.     Jurisdiction over this action is conferred on this Court by 28 U.S.C. § 1331 on the basis of federal question jurisdiction, as the matter concerns an action arising under the laws of the United States, and by Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this Court pursuant to 29 U.S.C. § 1391 as the illegal conduct alleged herein occurred in this district.

4.    Plaintiff Maddox brings Count I of this action as a collective action, pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).  Plaintiff brings Counts II and III of this action as a class action, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

5.    Upon information and belief, Defendant BMO Harris Bank is a subsidiary of a Canadian Bank, Bank of Montreal, and/or a bank holding company, BMO Bankcorp, Inc., a foreign corporation qualified to do business in Illinois.  Defendant, among other things, provides banking, loan, mortgage loan and investment services to customers throughout the United States, including in Illinois.

6.    Plaintiff Maddox is a resident and citizen of Schererville, Indiana and is a former employee of Defendant, and worked for Defendant at its offices in Chicago, Illinois.

7.    Defendant Harris paid Plaintiff to perform work for Defendant as a home mortgage loan officer.

8.    At all relevant times, Defendant Harris has been and is an "enterprise engaged in commerce" as defined by Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s).

9.    At all relevant times, Defendant Harris has been an "employer" as defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d); Section 3(c) of the IMWL, 820 ILCS § 105/3(c); and Section 2 of the IWPCA, 820 ILCS § 115/2.

10.    At all relevant times, Plaintiff worked for Defendant as a mortgage sales assistant and mortgage loan officer.  Plaintiff was compensated primarily on a salary basis.

11.    At all relevant times, Plaintiff was an "employee" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e); Section 3(d) of the IMWL, 820 ILCS § 105/3(d); and Section 2 of the IWPCA, 820 ILCS § 115/2.

<u>DEFENDANT'S MISCLASSIFICATION PRACTICE</u>

12.    At all relevant times, Plaintiff's primary duty involved mortgage loan processing, handling client inquiries, interacting with front office and back office operations, selling Defendant's loan products and services to potential customers of Defendant.  In doing so, Plaintiff's duties included, but were not limited to, the following: receiving and following up on leads regarding potential customers of Defendant; collecting required financial information from said potential customers; running credit reports on said potential customers; entering the collected financial information into a computer program that identifies which loan products Defendant may offer to the potential customers; assessing the loan products identified, discussing the terms and conditions of those loans with the potential customers, and attempting to match each potential customer's needs with one of Defendant's loan products; compiling customer documents for forwarding to an underwriter or loan processor; and finalizing documents for closings.

13.    Plaintiff's primary duties were provided almost exclusively to individuals seeking advice for their personal needs, such as individuals seeking mortgages for their homes.

14.    Plaintiff's primary duties involved screening of potential customers for Defendant's direct benefit, rather than servicing a loan for the benefit of the customer.

15.    Plaintiff's primary duties did not directly relate to the management or general business operations of Defendant or Defendant's customers.

3

16.     Plaintiff's primary duties did not allow her to exercise discretion and independent judgment with respect to matters of significance.

17.     Plaintiff was a "non-exempt" employee under the FLSA, the IMWL, and the IWPCA, because of her position and duties.

18.     Defendant wrongfully classified Plaintiff as an exempt employee pursuant to the administrative exemptions of the FLSA, 29 U.S.C. § 213(a)(1), the IMWL, 820 ILCS § 4a(2)(E), and the IWPCA and its corresponding regulations, 820 ILCS § 115/2 and 56 Ill. Adm. Code § 300.450, and Defendant paid Plaintiff on a salaried basis.

19.     Defendant wrongfully classified Plaintiff as an exempt employee in an attempt to avoid its obligation to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. § 207(a)(1), the IMWL, 820 ILCS § 105/4a(1), and the IWPCA, 820 ILCS §§ 115/3, 4.

20.     Defendant has or has had a policy and practice of wrongfully classifying many of its employees, including Plaintiff and other home mortgage consultants, as exempt, to avoid its obligations to pay overtime wages to those employees as required by the FLSA, the IMWL, and the IWPCA.

21.     Plaintiff and Defendant's other home mortgage consultants routinely worked in excess of forty hours in any given workweek during their employment by Defendant.

22.     Plaintiff and Defendant's other home mortgage consultants are entitled to overtime compensation for all time they worked in excess of forty hours in any given workweek.

## DEFENDANT'S FAILURE TO PAY PROPER OVERTIME WAGES

23.     Defendant has or has had a policy and practice of failing to pay overtime wages to Plaintiff and other home mortgage consultants.

24.     Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), and Section 4a(1) of the IMWL, 820 ILCS § 105/4a(1), require employers to pay employees one and one half times their regular rate of pay for all time worked in excess of forty hours per workweek.

25.     Plaintiff and Defendant's other home mortgage consultants routinely worked in excess of forty hours in any given workweek during their employment by Defendant.

26.     Defendant had an obligation to keep records of the time worked by Plaintiff and Defendant's other home mortgage consultants, pursuant to Section 11(c) of the FLSA, 29 U.S.C., § 211(c), Section 8 of the IMWL, 820 ILCS § 105/8, and Section 10 of the IWPCA, 820 ILCS § 115/10, and their corresponding regulations.

27.     Plaintiff and Defendant's other home mortgage consultants are entitled to overtime compensation for all time they worked in excess of forty hours in any given workweek.

28.     Defendant's practice of misclassifying its home mortgage consultants as exempt and failing to pay them overtime wages has caused Plaintiff and Defendant's other home mortgage consultants to be deprived of an amount due them but presently not ascertainable.

## COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff Maddox brings Count I of this Complaint as a collective action on behalf of herself and all other current and former home mortgage consultants of Defendant who were wrongfully classified by Defendant as exempt employees, and who were not paid the full amount of overtime wages due to them for all time worked in excess of forty hours in any given workweek.

30.     Plaintiff seeks to send notice of this lawsuit to the following described persons:

> All persons who worked for Defendant as home mortgage consultants at any time between April 28, 2008 through the conclusion of this action

who were wrongfully classified by Defendant as exempt employees and who were not paid the full amount of overtime wages owed to them.

31.     There are questions of law or fact common to the employees described in paragraph 30.

32.     Plaintiff is similarly situated to the employees described in paragraph 30, as Plaintiff's claims are typical of the claims of those persons.

33.     Plaintiff's claims or defenses are typical of the claims or defenses of the persons described in paragraph 30.

34.     This is not a collusive or friendly action.  Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and her counsel will fairly and adequately protect the interests of the persons described in paragraph 30.

35.     A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged herein.

36.     At all relevant times, Defendant employed Plaintiff and the persons described in paragraph 30.

37.     At all relevant times, Defendant paid Plaintiff and the persons described in paragraph 30 to work.

38.     At all relevant times, Defendant has been and is an "enterprise engaged in commerce" as defined by Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s).

39.     At all relevant times, Defendant has been an "employer" as defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

40.     At all relevant times, Plaintiff worked for Defendant in Chicago, Illinois as a home mortgage consultant.

41.     At all relevant times, Plaintiff and the persons described in paragraph 30 worked for Defendant as home mortgage consultants, and were paid primarily on a salaried basis.

42.     Defendant wrongfully classified and paid Plaintiff and Defendant's other home mortgage consultants as exempt employees pursuant to the administrative exemption set forth in the FLSA, 29 U.S.C. § 213(a)(1).

43.     At all relevant times, Plaintiff and the persons described in paragraph 30 have been "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## CLASS ACTION ALLEGATIONS

44.     Plaintiff Maddox brings Counts II and III of this Complaint as a class action on behalf of himself and all other current and former home mortgage consultants of Defendant who were wrongfully classified by Defendant as exempt employees, and who were not paid the full amount of overtime wages due to them for all time worked in excess of forty hours in any given workweek.

45.     Plaintiff seeks certification of the following two Sub-Classes:

Sub-Class Number 1:

All persons who worked for Defendant as home mortgage consultants in Illinois at any time between April 30, 2008 through the conclusion of this action who were wrongfully classified by Defendant as exempt employees and who were not paid the full amount of overtime wages owed to them (the "IMWL Sub-Class").

Sub-Class Number 2:

All persons who worked for Defendant as home mortgage consultants in Illinois at any time between August 17, 2002 through the conclusion of this action who were wrongfully classified by Defendant as exempt employees and who were not paid the full amount of overtime wages owed to them (the "IWPCA Sub-Class").

46.     There are questions of law or fact common to the putative Sub-Classes.

47.     Plaintiff is similarly situated to the members of the putative Sub-Classes, as Plaintiff's claims are typical of the claims of the members of the putative Sub-Classes.

48.     Plaintiff is informed and so believes that the total number of similarly situated individuals in each Sub-Class exceeds 100.  Therefore, the number of persons in the putative Sub-Classes is so numerous that joinder of all members is impracticable.

49.     Plaintiff's claims or defenses are typical of the claims or defenses of the members of the putative Sub-Classes, and Plaintiff will fairly and adequately protect the interests of the members of the putative Sub-Classes.

50.     This is not a collusive or friendly action.  Plaintiff has retained counsel experienced in complex employment litigation and in class action litigation, and Plaintiff and her counsel will fairly and adequately protect the interests of the members of the putative Sub-Classes.

51.     A class action is the most appropriate method for the fair and efficient resolution of the matters alleged herein.

52.     At all relevant times, Defendant employed Plaintiff and the other members of the putative Sub-Classes.

53.     At all relevant times, Defendant paid Plaintiff and the other members of the putative Sub-Classes to work.

54.     At all relevant times, Defendant has been an "employer" as defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c), and Section 2 of the IWPCA, 820 ILCS § 115/2.

55.     At all relevant times, Plaintiff worked for Defendant in Chicago, Illinois as a home mortgage consultant.

56.     At all relevant times, Plaintiff and the other members of the putative Sub-Classes worked for Defendant as home mortgage consultants in Illinois, and were paid on a salaried basis.

57.     Defendant wrongfully classified and paid Plaintiff and the other members of the putative Sub-Classes as exempt employees pursuant to the administrative exemptions set forth in the IMWL, 820 ILCS § 105/4a(2)(E), and the IWPCA and its corresponding regulations, 820 ILCS § 115/2 and 56 Ill. Adm. Code § 300.450.

58.     At all relevant times, Plaintiff and the other members of the putative Sub-classes have been "employees" of Defendant as defined by Section 3(d) of the IMWL, 820 ILCS § 105/3(d), and Section 2 of the IWPCA, 820 ILCS § 115/2.

## COUNT I – FLSA

59.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 43 as Paragraph 59 of this Count I.

60.     Plaintiff seeks to recover from Defendant unpaid wages, liquidated damages, attorneys' fees and costs pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

61.     Defendant has a policy and practice of wrongfully classifying Plaintiff and the persons described in paragraph 30 as exempt employees pursuant to the administrative exemption set forth in the FLSA, 29 U.S.C. § 213(a)(1).

62.     Defendant's policy and practice of wrongfully classifying Plaintiff and the persons described in paragraph 30 as exempt employees has resulted in those employees not being paid the full amount of overtime wages owed them, in violation of Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1).

63.    Defendant has failed to pay Plaintiff and the persons described in paragraph 30 the full amount of overtime wages they earned for all time worked in excess of forty hours per workweek.

64.    Defendant's failure to compensate Plaintiff and the persons described in paragraph 30 with the full amount of overtime wages for all time worked in excess of forty hours per workweek violates Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1).

65.    Defendant's violation of the FLSA was willful.

66.    Plaintiff and the persons described in paragraph 30 have been damaged by not being paid overtime wages due to them in an amount not presently ascertainable for the relevant time period.

WHEREFORE, Plaintiff prays that this Honorable Court award the following relief under Count I: (a) certify this lawsuit as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and appoint Jeffrey Grant Brown, P.C. as counsel for the collective action; (b) grant Plaintiff's counsel leave to send notice of this lawsuit to all similarly situated persons throughout the country as described in paragraph 30, and allow those persons the opportunity to join this action as party plaintiffs pursuant to 29 U.S.C. § 216(b); (c) award Plaintiff and all persons who join as party plaintiffs all unpaid overtime wages owed to them, plus liquidated damages; (d) award Plaintiff and all persons who join as party plaintiffs their attorneys' fees and costs; and (e) grant such further relief this Court deems equitable and just.

## COUNT II – IMWL

67.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 28 and Paragraphs 44-58 as Paragraph 67 of this Count II.

68.     Plaintiff seeks to recover from Defendant unpaid wages, statutory penalties, attorneys' fees and costs pursuant to Section 12 of the IMWL, 820 ILCS § 105/12.

69.     Defendant has a policy and practice of wrongfully classifying Plaintiff and members of putative Sub-Class Number 1 as exempt employees pursuant to the administrative exemptions set forth in the IMWL, 820 ILCS § 105/4a(2)(E).

70.     Defendant's policy and practice of wrongfully classifying Plaintiff and the members of putative Sub-Class Number 1 as exempt employees has resulted in those employees not being paid the full amount of overtime wages owed them, in violation of Section 4a(1) of the IMWL, 820 ILCS § 105/4a(1).

71.     Defendant has failed to pay Plaintiff and the members of putative Sub-Class Number 1 the full amount of overtime wages they earned for all time worked in excess of forty hours per workweek.

72.     Defendant's failure to compensate Plaintiff and the members of putative Sub-Class Number 1 with the full amount of overtime wages for all time worked in excess of forty hours per workweek violates Section 4a(1) of the IMWL, 820 ILCS § 105/4a(1).

73.     Plaintiff and the members of putative Sub-Class Number 1 have been damaged by not being paid overtime wages due to them in an amount not presently ascertainable for the relevant time period.

WHEREFORE, Plaintiff prays that this Honorable Court award the following relief under Count II: (a) certify Sub-Class Number 1 defined in Paragraph 45 pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and appoint Jeffrey Grant Brown, PC as class counsel; (b) award Plaintiff and the members of Sub-Class Number 1 all unpaid overtime wages owed to them, plus statutory

penalties; (c) award Plaintiff and the members of Sub-Class Number 1 their attorneys' fees and costs; and (d) grant such further relief this Court deems equitable and just.

## COUNT III – IWPCA

74.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 28 as and Paragraphs 44-58 as Paragraph 74 of this Count III.

75.     Plaintiff seeks to recover from Defendant unpaid wages, statutory penalties, attorneys' fees and costs pursuant to Section 14 of the IWPCA, 820 ILCS § 115/14.

76.     During the relevant period, at Defendant's request, Plaintiff and the other members of putative Sub-Class Number 2 performed work for Defendant.

77.     At the time Defendant hired Plaintiff, Defendant then and there entered into an agreement with Plaintiff whereby Defendant promised to pay Plaintiff the appropriate statutory rate for all time worked by Plaintiff for Defendant.

78.     At the time Defendant hired Plaintiff, Defendant then and there entered into an agreement with Plaintiff whereby Defendant agreed that it would abide by, and that it would not violate, any and all wage laws applicable to Plaintiff's employment with Defendant.

79.     At the time Defendant hired each other member of putative Sub-Class Number 2, Defendant then and there entered into an agreement with each other member of putative Sub-Class Number 2 whereby Defendant promised to pay each other member of putative Sub-Class Number 2 the appropriate statutory rate for all time worked by said other member for Defendant.

80.     At the time Defendant hired each other member of putative Sub-Class Number 2, Defendant then and there entered into an agreement with each other member of putative Sub-Class Number 2 whereby Defendant agreed it would abide by, and that it would not violate, any and all wage laws applicable to said other member's employment with Defendant.

81.     Defendant has a policy and practice of wrongfully classifying Plaintiff and members of putative Sub-Class Number 2 as exempt employees pursuant to the administrative exemptions set forth in the FLSA, 29 U.S.C. § 213(a)(1), the IMWL, 820 ILCS § 4a(2)(E), and the IWPCA and its corresponding regulations, 820 ILCS § 115/2 and 56 Ill. Adm. Code § 300.450, and this practice has resulted in those employees not being paid the full amount of overtime wages owed them, in violation of Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), Section 4a(1) of the IMWL, 820 ILCS § 105/4a(1), and Sections 3 and 4 of the IWPCA, 820 ILCS §§ 115/3 and 115/4.

82.     Defendant has breached its agreement with Plaintiff and the other members of putative Sub-Class Number 2 that it would abide by, and that it would not violate, any and all wage laws in relation to their employment with Defendant, because Defendant wrongfully classified those employees as exempt employees.

83.     Defendant has breached its agreement with Plaintiff and the other members of putative Sub-Class Number 2 that it would abide by, and that it would not violate, any and all wage laws in relation to their employment with Defendant, because Defendant's practice of misclassifying those employees as exempt employees resulted in Defendant failing to pay Plaintiff and the other members of putative Sub-Class Number 2 the full amount of overtime wages due to them for all time worked in excess of forty hours in any given workweek.

84.     Plaintiff and the members of putative Sub-Class Number 2 have been damaged by not being paid overtime wages owed to them in an amount not presently ascertainable for the relevant time period.

85.     Plaintiff and the other members of putative Sub-Class Number 2 are entitled to be paid all overtime wages owed to them for all time worked in excess of forty hours per workweek, pursuant to 820 ILCS §§ 115/3 and 115/4.

WHEREFORE, Plaintiff prays that this Honorable Court award the following relief under Count III: (a) certify Sub-Class Number 2 defined in Paragraph 45 pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and appoint Jeffrey Grant Brown, PC as class counsel; (b) award Plaintiff and the members of Sub-Class Number 2 all unpaid overtime wages owed to them, plus statutory penalties; (c) award Plaintiff and the members of Sub-Class Number 2 their attorneys' fees and costs; and (d) grant such further relief this Court deems equitable and just.

Respectfully submitted,

/s/ Jeffrey Grant Brown
One of Plaintiff's Attorneys

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
221 North LaSalle Street
Suite 1414
Chicago, Illinois 60601
(312) 789-9700