IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
EASTERN DIVISION

| | |
|---|---|
| KARA MADDOX, Individually and on behalf of a class of persons similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 12 C 3221 |
| BMO HARRIS BANK, ) ) | |
| Defendant. ) | |

MEMORANDUM ORDER

Promptly after the filing of Kara Maddox's Collective and Class Action Complaint against BMO Harris Bank ("Harris"), this Court issued its customary initial scheduling order setting a first status hearing for June 22. Now Harris' counsel has noticed up two motions for presentment on that date: one to dismiss Complaint Count III and the other to stay the time for filing Harris' Answer until this Court decides that partial dismissal motion.

This Court notes that the designated presentment date is at the end of the 14-day limit prescribed by this District Court's LR 5.3(b). Although that choice may perhaps be explained by a reasonable desire to cut two possible court appearances to the single June 22 date already established by this Court, it is equally true that linking that date with an effort to defer the time when the case is put at issue injects further delay to which this Court does not cotton generally.[1]

As for the motion to stay, this Court finds it unpersuasive. Although such a deferral might commend itself under other circumstances, Count III advances a discrete theory of recovery. Both Count II and Count III are framed in class terms, with each of them proposing its own sub-class (see Complaint ¶ 45). There is no reason why the threshold Fed. R. Civ. P. 26 disclosures and

---

[1] Indeed, the portion of defense counsel's motion to stay that also asks for its answer to be delayed until three weeks after the motion for partial dismissal is ruled on is unacceptable on its own. Like heaping Pelion upon Ossa, such a proposed linkup of delay upon delay is troubling.

follow-up discovery efforts should not focus on Count II's Sub-class No. 1 until the motion to dismiss Count III has been decided.

In summary, Harris' motion to stay its Answer to the Complaint except for Count III is denied. It is ordered to file that Answer promptly (this Court has no information as to the due date for that filing when looked at apart from the presently advanced motion). Finally, this Court plans to discuss, at the designated presentment date, an appropriate schedule for addressing the Count III dismissal motion.

                                            Milton I. Shadur
                                            Senior United States District Judge

Date: June 12, 2012