IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kara Maddox,<br><br>        Plaintiff,<br><br>   v.<br><br>BMO Harris Bank, N.A.,<br><br>        Defendant. | Case No. 1:12-cv-03221<br><br>Magistrate Judge Jeffrey T. Gilbert |

**PLAINTIFF KARA MADDOX'S UNOPPOSED MOTION
FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT**

Plaintiff, Kara Maddox, individually, through her counsel, respectfully requests that this Court enter an Order approving the parties' settlement agreement in this matter. In support of this motion, Plaintiffs state as follows:

1. Plaintiff's complaint has been brought pursuant to three wage statutes: the federal Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act. The Illinois Wage Payment and Collection Act claim was dismissed pursuant to stipulation on July 12, 2012.

2. Following the addition of section 216(c) to the FLSA, most federal courts have held that there are only two routes for compromise of FLSA claims: through a settlement supervised by the Secretary of Labor or a stipulated judgment entered by a district court after the settlement is reviewed for fairness. In addition, private settlements of claims under the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act, in the form of releases signed by employees, are not permissible. See, *Lewis v. Giordano's Enterprises, Inc.*, 921 N.E.2d 740, 751 (Ill. App. 1st Dist. 2009).

3. The parties have reached an individual settlement with Plaintiff whereby Plaintiff is agreeing to relinquish her claims for, *inter alia,* certain unpaid overtime wages under the FLSA. The amount and precise terms of the parties' settlement is confidential, and subject to confidentiality provisions contained in the Agreement.

4. Plaintiff asserts that the settlement amount is reasonable in light of the fact that the documentation of the hours that plaintiff worked each week is uncorroborated, the parties differ widely as to the number of hours that plaintiff actually worked, and in light of the respective burdens the parties face with respect to their claims and defenses. Indeed, Defendant denies any liability towards Maddox, including as it contends that Maddox was properly classified as exempt from the overtime requirements of the FLSA and IMWL, which is another issue in dispute between the parties and a factor supporting the reasonableness of the settlement.

5. Defendant has been advised of this motion, and does not oppose the motion, or settlement on the terms set forth in the parties' settlement agreement, which was negotiated at arms-length and followed Plaintiff's review and analysis of significant written discovery produced by Defendant .

6. To determine the fairness of a settlement under FLSA, "the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Tuan Le v. Sita Information Networking Computing USA, Inc.* 2008 WL 724155, at *1 (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir.1982)). The court must review settlements because there is a "fear that employers would coerce employees into settlement and waiver [of their claims]. *Id.; Misiewicz v. D'Onofrio Gen. Contractors Corp.* 08CV4377(KAM)(CLP),

2010 WL 2545439 (E.D.N.Y. 2010) *report and recommendation adopted,* 08-CV-4377 KAM CLP, 2010 WL 2545472 (E.D.N.Y. 2010). Here, there is no such fear of coercion because Maddox's employment with Defendant was terminated prior to the filing of this lawsuit.

7. Normally, a settlement is approved where it is the result of "contentious arm's-length negotiations, which were undertaken in good faith by counsel.... and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Reyes v. Buddha–Bar NYC,* No. 08 CV 2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009).

8. Plaintiff's complaint originally sought to bring a collective action pursuant to 42 U.S.C. 216(b), and class action pursuant to Rule 23. Plaintiff filed motions for collective action certification (Doc. #25), and Rule 23 certification (Doc. #27) and then withdrew those motions without prejudice, as confirmed by this Court's order (Doc. # 31).

9. Subsequent discovery has suggested limitations on Plaintiff's ability to represent either a collective class or a Rule 23 class, as Plaintiff earned, at least for some portion of the purported class period, a sufficiently high salary such that Plaintiff's status an a non-exempt employee could reasonably be questioned.

10. Thus, Plaintiff has negotiated a settlement of her claims individually with Defendant.

11. Plaintiff has negotiated settlement terms which represent a reasonable compromise of her wage claims, including consideration of relevant statutory penalties and attorney fee shifting in the operative statutes. Plaintiff has been represented by counsel experienced in wage and hour and class and collective action litigation. Plaintiff has entered into the settlement agreement without coercion, and after having conferred with her own counsel.

12. The settlement provides for the dismissal of this lawsuit with prejudice, with each side responsible for its own costs and attorneys' fees.

WHEREFORE, Plaintiff moves for the entry of an order approving the settlement in this matter, and dismissing Plaintiff's complaint, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2), with each party to bear its or her own costs and attorneys' fees.

Respectfully submitted,

KARA MADDOX

By: /s/Jeffrey Grant Brown
    Jeffrey Grant Brown
    Plaintiff's counsel

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
221 North LaSalle Street
Suite 1414
Chicago, IL 60601
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused the attached **Plaintiff Kara Maddox's Unopposed Motion For Approval Of FLSA Settlement Agreement** to be filed with the Clerk of the U.S. District Court for the Northern District of Illinois, using the CM/ECF system which will send notification of such filing to the following Filing Users, on this 22nd day of October, 2012.

**Gary R. Clark**
Quarles & Brady LLP
300 North LaSalle Street
Suite 4000
Chicago, Illinois 60654

**Sean M. Scullen**
Quarles & Brady LLP
411 East Wisconsin Avenue
Suite 2350
Milwaukee, Wisconsin 53202

                                       Respectfully submitted,

                                       KARA MADDOX

                                       By: /s/ Jeffrey Grant Brown
                                              Attorney for Plaintiffs

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
221 North LaSalle Street
Suite 1414
Chicago, Illinois 60601
(312) 789-9700